IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ANJUAN HENRY,

        Petitioner,      :    Case No. 3:19-cv-207

  - vs -                        District Judge Thomas M. Rose
                                   Magistrate Judge Michael R. Merz

NORM ROBINSON, Warden,
  London Correctional Institution,

                                :
        Respondent.

## DECISION AND ORDER

This is a habeas corpus action brought *pro se* by Petitioner Anjuan Henry to obtain relief from his convictions in the Clark County, Ohio Court of Common Pleas Court on charges of drug possession and trafficking (Petition, ECF No. 1, PageID 1.) It is before the Court on Petitioner's Objections (ECF No. 19) to the Magistrate Judge's Report and Recommendations recommending dismissal with prejudice.

As required by Fed.R.Civ.P. 72(b), the Court has re viewed *de novo* all portions of the Report to which Petitioner has made specific objection and rules on those objections in this Decision.

The Report sets out the somewhat complex history of this litigation. In separate cases in the Clark County Court of Common Pleas, Henry was convicted on drug charges and sentenced to an aggregate term of imprisonment of seventeen years with the convictions becoming final in 2005. In April 2016, however, Henry filed a Motion for Leave to File a Delayed Motion for New Trial

in Case 296 (State Court Record, ECF No. 14, Ex. 24, PageID 189 *et seq.*).  In it he claimed an affair between his trial attorney and Erica Bibbs, described in the Motion as Henry's ex-fiancee and the mother of Henry's two children.  *Id*. at PageID 190.  He alleged this created a conflict of interest which deprived him of his Sixth Amendment right to effective assistance of counsel.  After remand on appeal from an initial denial, the trial court held an evidentiary hearing at which Bibbs alone testified.  Based on her testimony as to when she told Henry about the affair, the Common Pleas Court allowed the motion for new trial to be filed, but then denied it after a hearing on April 23, 2018, at which no witnesses were presented.  *Id*. at Ex. 72, PageID 441 *et seq*.  In parallel with the new trial proceedings in Case 296, Henry filed on April 5, 2016, a "Delayed Petition to Vacate a No Contest Plea and Set Aside Judgment of Conviction" in Case 584, making the same allegations about the affair.  In the trafficking case (Case 584), the trial court denied post-conviction relief on June 19, 2018.  *Id.* at Ex. 74, PageID 447-49.

Henry appealed and the Second District affirmed.  *State v. Henry,* 2019-Ohio-1256, 134 N.E.3d 843 (Ohio App. 2nd Dist. 2019) ("*Henry IV*"), appellate jurisdiction declined, 156 Ohio St. 3d 1408, 2019-Ohio-2261.

Henry then filed the instant habeas corpus petition, pleading the following grounds for relief:

> **Ground One:** The State trial court violated Petitioner's Fifth and Fourteenth Amendment rights to due process when it sua sponte reconsidered a Defense witness's previously favorable credibility determination (in connection with new trial proceedings).
>
> **Facts in support:** On February 20th, 2018 (subsequent to February 2018 new trial proceedings) the State trial court judged that Petitioner credibly demonstrated, by clear and convincing proof, that he was unavoidably prevented from discovering the evidence of an affair between his then-fiancée and trial counsel (during representation). On May 29th, 2018, (in a separate entry), the State trial court sua sponte determined that the same affidavits and

2

testimony that were the basis of his February judgment lacked credibility.

**Ground Two:** The State trial court violated Petitioner's Fifth and Fourteenth Amendment right to due process when it overruled Petitioner's new trial motion, which showed that trial counsel labored under an actual conflict of interest, and also showed that trial counsel's representation was adversely affected.

**Facts in support:** In Petitioner's new trial motion he demonstrated that an actual conflict of interest resulting from an affair between trial counsel and then-fiancée adversely affected trial counsel's representation. Specifically, Petitioner showed that trial counsel's failure to move for a new trial based on the affair amounted to adverse performance. Parenthetically, neither the State trial court, nor state appellate court, addressed Petitioner's argument that said failure on the part of trial counsel established adverse performance.

**Ground Three:** The State trial court violated the Petitioner's Fifth and Fourteenth Amendment right to due process when it overruled Petitioner's petition for post-conviction relief, which showed that trial counsel's non-disclosure of an affair with petitioner's then-fiancée infected the voluntary nature of his no-contest plea.

**Facts in support:** Petitioner's post-conviction petition showed (via credible affidavits and testimony) that his no contest plea was involuntary due to an actual and undisclosed conflict of interest that petitioner's trial counsel labored under.

(Petition, ECF No. 1, PageID 15-16).

**Ground One:  Changed Evaluation of Witness Credibility**

With respect to all three of Henry's Grounds for Relief, Respondent asserted that they do not state a claim upon which habeas corpus relief can be granted because they do not claim a violation of the United States Constitution which has been recognized by the federal courts (Return of Writ, ECF No. 15, PageID 775-77).

The Magistrate Judge agreed as to Ground One, holding "[t]here is no federal constitutional rule prohibiting a state trial judge from *sua sponte* reconsidering a witness's credibility, . . .

3

particularly when the testimony is being evaluated for different purposes in different contexts." (Report, ECF No. 18, PageID 822). However he found that "Grounds Two and Three do purport to state claims under the Constitution, to wit, denial of due process of law in not granting a new trial on the basis of the evidence submitted." *Id*. at 823. Respondent has not objected to these conclusions. Petitioner has conceded that Ground One does not state a federal constitutional claim (Objections, ECF No. 19, PageID 862).

**Ground Two: Ineffective Assistance of Trial Counsel**

Henry's Second Ground for Relief claims his trial attorney labored under an actual conflict of interest by virtue of his affair with Erica Bibbs and that conflict adversely affected his performance. The Magistrate Judge found the Second District Court of Appeals decided this issue on the merits and the Report quotes that decision at length (ECF No. 18, PageID 827-37, quoting *Henry IV*, 2019-Ohio-1256, ¶¶ 21-51).

Henry claimed the Court should not defer to this decision because it was "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings." (Reply, ECF No. 17, PageID 797, referring to the standard in 28 U.S.C. § 2254(d)(2)). The Report analyzed each of the five ways in which Henry claimed the Second District unreasonably determined the facts, discussing in turn the Timeline of the Affair Between Ms. Bibbs and Trial Counse**l,** the Purpose of the February [2018] Hearing, Credibility, Sufficiency of Ms. Bibbs and Petitioner's Relationship to Qualify As an Actual Conflict, and Adverse Performance on the Part of Trial Counsel in Connection with the Affair (as Henry labeled the issues) (Report, ECF No. 18, PageID 838-46). The Report concluded that none of the Second

District's determinations of fact was unreasonable and therefore its decision was entitled to deference. On that basis, the Magistrate Judge recommended Ground Two be dismissed. *Id.* at PageID 846.

Henry's Objections concentrate on this Ground for Relief (ECF No. 19, PageID 848-59).

Regarding the inception of the affair between Ms. Bibbs and Mr. O'Brien, Henry disputes the Second District's conclusion that the affair began in August 2000 (Objections, ECF No. 19, PageID 848). But it was Bibbs herself who created any confusion by testifying the affair started in the "middle of 2000" and then "like August or something like that." *Henry*, 2019-Ohio-1256, at ¶ 25 quoting the transcript of the February 2018 hearing. It cannot be an unreasonable determination of facts to accept the sole witness's verbatim testimony on an issue.

Regarding the purpose of the February 2018 hearing, the Magistrate Judge found it was for then purpose of deciding whether to allow Henry to file his delayed motion for new trial. Such a determination was a necessary first step for Henry because it is required by Ohio R.Crim.P. 33 when a motion for new trial is tendered more than 120 days after verdict. Henry's objection seems to be that the State asked questions at that hearing that went beyond the narrow purpose of that first step: deciding when new evidence was discovered. But that does not imply that the two issues – should the new trial motion be filed and how should it be decided – were conflated.

The Magistrate Judge properly distinguished the purpose of the two hearings and found it was not inappropriate to evaluate Ms. Bibbs' credibility differently for those purposes. After all, the question of when she admitted the affair to Henry is logically completely separate from the details of the affair and how they might have affected Mr. O'Brien's performance.

Regarding Ms. Bibbs' credibility, Henry is concerned to show the depth of his relationship with her during the relevant time period. But he cannot dispute that what she said in the February

5

2018 hearing was that she and Henry "lost contact" after they became engaged in 1999 and did not become re-engaged until 2002. He does not dispute her testimony that she did not visit him in prison, but merely attributes it to her lacking transportation (Objections, ECF No. 19, PageID 855). He does not dispute that she, having never broken the engagement (which has never resulted in a marriage), had intimate relationships with other men. Henry's objections to this portion of the Report are overruled.

Ultimately the question is, as the Report puts it, whether the nature of the relationship between Bibbs and Henry was of such a nature that O'Brien's affair with Bibbs during the course of his representation is sufficient to "automatically impose an actual conflict of interest," such as the Tenth District Court of Appeals found in *State v. Caulley,* 10th Dist. Franklin No. 12AP-100, 2012-Ohio-2649, ¶ 19, *aff'd,* 136 Ohio St. 3d 325, 2013-Ohio-3673. In *Caulley*, the Tenth District found an actual conflict of interest where a defendant's attorney had an affair with the defendant's wife while representing the defendant at trial. *Id*. Bibbs was never Henry's wife and there is no proof, such as that given in *Caulley,* that O'Brien spent time with Bibbs "when he should have been preparing for trial." *Id*. at ¶ 24. In other words, there was a showing of prejudice in *Caulley* which Henry has not made here. Henry's claim that it was deficient performance on O'Brien's part not to have the drugs independently weighed is itself only conjectural, but there is nothing to tie that decision to the affair.

The Court concurs that the Second District's decision here is not an unreasonable application of *Strickland v. Washington,* 466 U.S. 668 (1984). Henry's objections inn this regard are overruled.

**Ground Three: Ineffective Assistance of Trial Counsel**

6

In Ground Three Henry asserts he received ineffective assistance of trial counsel in that his trial attorney did not advise him of the affair with Ms. Bibbs and this rendered his two no contest pleas in Case 584 voidable. The Report concluded Henry's Third Ground for Relief should be dismissed as procedurally defaulted because he failed to plead it as an assignment of error on appeal from denial of his post-conviction petition (Report, ECF No. 18, PageID 824-27).

Henry objects that the appellate court did in fact decide this claim on the merits (Objections, ECF No. 19, PageID 859-60), even though he had not offered any excusing cause and or prejudice in his Reply. The portions of the Second District's decision that Henry adverts to in his Objections have to do with the merits of his ineffective assistance of trial counsel/conflict of interest claim, not his failure of the attorney to disclose the affair claim.

**Conclusion**

Having reviewed *de novo* the portions of the Report objected to by the Petitioner, the Court overrules those objections and adopts the Report. The Petition is ordered dismissed with prejudice and the Clerk will enter a separate judgment to that effect. Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court certifies to the United States Court of Appeals for the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

March 6, 2020.                                                          *s/Thomas M. Rose

                                                                    _____
                                                                            Thomas M. Rose
                                                                    United States District Judge